UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD PRAVATO,

                Plaintiff,

vs.                                                   Case No. 8:11-cv-1530-T-MCR

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____/

## MEMORANDUM OPINION AND ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his application for Social Security benefits. The Court has reviewed the record, the briefs, and the applicable law. For the reasons set forth herein, the Commissioner's decision is **AFFIRMED.**

**I.    PROCEDURAL HISTORY**

Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI") on September 29, 2008. (Tr. 44-49). The Social Security Administration denied Plaintiff's application initially and on reconsideration. (Tr. 59-67, 68-73). On January 3, 2011, a hearing was held before an Administrative Law Judge ("ALJ"), who issued a decision on January 26, 2011, finding Plaintiff not disabled. (Tr. 6-22). The Appeals Council denied Plaintiff's request for review, thus making the ALJ's decision the final decision of the Commissioner. (Tr. 1-

---

     [1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Doc. 15).

5). Plaintiff timely filed his Complaint in the U.S. District Court for review of the Commissioner's decision. (Doc. 1).

## II. NATURE OF DISABILITY CLAIM

### A. Basis of Claimed Disability

Plaintiff claims to be disabled since December 30, 2007, due to emphysema and pulmonary occlusive disease. (Tr. 109, 169).

### B. Summary of Evidence Before the ALJ

Plaintiff was 47 years old at the time of the ALJ's decision. He has a high school education and past relevant work experience as a baker, kitchen manager, and an electrician helper. (Tr. 109, 174, 216). Plaintiff's medical history is discussed at length in the ALJ's decision and will be summarized herein.

On September 11, 2007, Plaintiff presented to the Bartow Regional Medical Center with chest pain. (Tr. 236-58). From January 13, 2009 through June 1, 2009, Plaintiff received treatment from Dr. Ana Krishnamoorthy, M.D. at Central Florida Health Care. (Tr. 259-67, 299-320). On March 30, 2009, Plaintiff was diagnosed with pulmonary venous occlusive disease. (Tr. 262-63). On April 24, 2009, Plaintiff was diagnosed with cough, tobacco dependence, emphysema, and lower back pain. (Tr. 260). On June 1, 2009, Plaintiff was diagnosed with chronic obstructive pulmonary disease ("COPD") and referred to a pulmonologist. (Tr. 299).

On June 13, 2009, Dr. Rebecca Rey, M.D. performed a Physical Consultative Examination of Plaintiff. (Tr. 268-71). Dr. Rey's impression was COPD and she opined that Plaintiff's COPD and tobacco use was "decreasing his functional ability due to

severe shortness of breath with mild exertion." (Tr. 271). Dr. Rey further opined that Plaintiff could stand less than 45 minutes; could sit for extended periods of time, but would need periodic breaks due to back pain; was unable to climb a flight of steps; was limited in his breathing ability to go from the office to the parking lot; and would likely have a problem lifting heavy objects more than 10 pounds overhead on occasion. (Id.). Although Plaintiff demonstrated full range of motion, Dr. Rey noted that Plaintiff's condition may limit his ability to carry weights more than 10 pounds. (Id.).

From September 13, 2010 through September 24, 2010, Plaintiff received treatment from Winter Haven Hospital. (Tr. 345-432). Plaintiff was diagnosed with chest pain, abnormal EKG, and a history of coronary artery disease. (Tr. 356). On September 14, 2010, Dr. Joseph Carlucci, M.D. completed a Medical Status of Patient form and opined Plaintiff was be permanently disabled. (Tr. 426). On September 15, 2010, Plaintiff underwent a consultation due to an abnormal CT scan of the chest and was diagnosed with subcentimeter pulmonary nodules with no significant adenopathy, no lung masses, coronary artery disease, and history of pulmonary embolism. Plaintiff was recommended to receive cessation counseling for smoking, bronchodilators as needed, deep venous thrombosis prophylaxis, and oxygen as needed. (Tr. 359-60).

On September 29, 2009, Dr. Todd Patterson, M.D., a state agency medical consultant, opined that Plaintiff could lift and/or carry 50 pounds occasionally and 25 pounds frequently; stand and/or walk about six hours in an eight-hour workday; sit about six hours in an eight-hour workday; and push/pull without restriction. (Tr. 292). Dr.

Patterson further opined that Plaintiff needed to avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, etc.  (Tr. 293-95).

On September 23, 2010, Plaintiff presented to the Bond Clinic with complaints of abdominal pain and vomiting.  (Tr. 328).  At that time it was noted that Plaintiff had a family history of GI neoplasm.  (Tr. 332).  On September 30, 2010, Plaintiff presented for a follow up and was diagnosed with non-specific abnormal findings on radiological and other examination of lung field.  (Tr. 323-27).

### C.  **Summary of the ALJ's Decision**

A plaintiff is entitled to disability benefits when he is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than 12 months.  42 U.S.C. §§ 416(I), 423(d)(1)(A); 20 C.F.R. § 404.1505.  The ALJ must follow five steps in evaluating a claim of disability.  See 20 C.F.R. §§ 404.1520, 416.920.  First, if a claimant is working at a substantial gainful activity, he is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(a)(2)(I).  Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(a)(2)(ii).  Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled.  20 C.F.R. §§ 404.1520(d), 416.920(a)(2)(iii).  Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled.  20 C.F.R. §§ 404.1520(e),

416.920(a)(2)(iv). Fifth, if a claimant's impairments (considering his residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. §§ 404.1520(f), 416.920(a)(2)(v). Plaintiff bears the burden of persuasion through step four, while at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146, 107 S.Ct. 2287 n.5 (1987).

In the instant case, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 11-12). At step two, the ALJ found Plaintiff suffered from the following severe impairments: COPD/emphysema. (Tr. 12). At step three, the ALJ determined Plaintiff did not have an impairment, or any combination thereof, which met or equaled any of the impairments listed in Appendix 1, Subpart P of the Regulation No. 4. (Id.). The ALJ further determined that Plaintiff had the residual functional capacity ("RFC")[2] to:

> lift and/or carry 50 pounds occasionally and 25 pounds frequently; stand and/or walk (with normal breaks) for a total of about six hours in an eight-hour workday; sit (with normal breaks) for a total of about six hours in an eight-hour workday; and push/pull with arm or leg controls (as shown for lift/carry) is unlimited. Environmentally, he must avoid concentrated exposure to fumes, odors, dusts, gases, or poor ventilation. [Plaintiff] has no postural, manipulative, visual, or communicative limitations. He can hear, understand, remember, carryout simple, routine and complex work instructions, and can interact appropriately with the general public, co-workers, and supervisors.

---

[2] The residual functional capacity is the most an individual can do despite the combined effect of all of their credible limitations. 20 C.F.R. §§ 404.1545, 416.945. The residual functional capacity is based on all of the relevant evidence in the case record, and is assessed at step four of the sequential evaluation. Id.

(Tr. 12-17).

Based on Plaintiff's RFC and the testimony from a vocational expert ("VE"), the ALJ determined that Plaintiff could perform his past relevant work as a baker, kitchen manager, and electrician helper. (Tr. 17-18). Therefore, the ALJ found Plaintiff was not under a "disability," as defined in the Social Security Act. (Tr. 18).

## III. ANALYSIS

### A. The Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390, 91 S.Ct. 1420 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view

the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Foote, 67 F.3d at 1560; accord, Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

**B.     Issues on Appeal**

Plaintiff raises the following three issues on appeal: (1) whether the ALJ erred by failing to re-contact Drs. Rey and Carlucci (Doc. 17, pp. 5-8); (2) whether the ALJ erred by giving significant weight to the opinion of a non-examining physician (Id. at 9-10); and (3) whether the ALJ erred in relying on the hypothetical question posed to the VE (Id. at 10-11).  The Court will address each of these issues.

**1.     Whether the ALJ erred by failing to re-contact Drs. Rey and Carlucci.**

Plaintiff argues that the ALJ erred in failing to re-contact Dr. Rey, a consultative examiner, and Dr. Carlucci, a treating physician.  (Doc. 17, pp. 5-8).  The regulations provide that an ALJ shall re-contact a physician if the evidence is inadequate to determine whether a claimant is disabled.  See 20 C.F.R. §§ 404.1512(e), 416.912(e).

Plaintiff claims that Dr. Rey should have been re-contacted because she is in the best position to evaluate the medical evidence and render a new medical opinion.  (Doc. 17, p. 8).  This reasoning is insufficient to trigger the ALJ's duty to re-contact.[3]

---

[3] Disagreement with the ALJ's evaluation of the medical evidence does not trigger the duty to re-contact; rather, it is the inadequacy of the evidence the ALJ receives from Plaintiff's physician that triggers the duty. See 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1) (the ALJ will contact a physician when a medical report contains a conflict or ambiguity that must be resolved).

In addition, Plaintiff argues that the ALJ should have re-contacted Dr. Carlucci because his Medical Status of Patient form, wherein he opined Plaintiff was permanently disabled, was "devoid of any specifics regarding what medical evidence he relied on."[4] (Id. at p. 7). However, a medical source's failure to provide support for an opinion does not in and of itself trigger the duty to re-contact. Rather, the regulations provide that an ALJ may weigh medical opinions based on the amount of medical findings that a medical source provides to support his opinion. See 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3). Here, the ALJ discounted Dr. Carlucci's opinion that Plaintiff was permanently disabled.[5] (Tr. 16-17, 426). As noted by the ALJ, the spirometric studies performed the same day as Dr. Carlucci's opinion revealed no more than a mild reversible obstructive ventilatory defect with normal diffusion. (Tr. 16, 390). The ALJ considered that, other than the diagnosis of COPD, Plaintiff's diagnoses of chest pain was not so debilitating that it could be expected to preclude all work activity. (Tr. 16). The ALJ also considered that Dr. Carlucci did not have a longstanding relationship with Plaintiff and only examined him on one occasion.[6] (Id.). In light of the

---

[4] The Court notes that opinions whether a claimant is disabled, such as the opinion from Dr. Carlucci, "are not medical opinions, ... but are, instead, opinions on issues reserved for the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. §§ 404.1527(e), (e)(1), 416.927(e), (e)(1).

[5] The opinion of a physician, even a treating physician, may be discounted when the opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if the opinion is inconsistent with the record as a whole. See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

[6] The regulations specify that "the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the medical
(continued...)

foregoing, the ALJ properly gave Dr. Carlucci's opinion no weight, and thus, he did not need to be re-contacted.

Similarly, the ALJ gave no weight to Dr. Rey's opinion regarding Plaintiff's functional ability. (Tr. 16). After performing a consultative examination on June 13, 2009, Dr. Rey opined that Plaintiff's emphysema, COPD, and tobacco use was "decreasing his functional ability due to severe shortness of breath with mild exertion." (Tr. 271). Dr. Rey further opined that Plaintiff could stand less than 45 minutes; could sit for extended periods of time, but would need periodic breaks due to back pain; was unable to climb a flight of steps; was limited in his breathing ability to go from the office to the parking lot; and would likely have a problem lifting heavy objects more than 10 pounds overhead on occasion. (Id.). The ALJ found Dr. Rey's opinion was not supported by the evidence of record including Dr. Rey's own findings. (Tr. 16, 268). For example, although Dr. Rey found that Plaintiff had a limited ability to stand and sit more than 45 minutes and lift more than ten pounds, he also observed that Plaintiff's motor strength was 5/5 in the upper and lower extremities, straight leg raising was negative, and there were no significant range of motion abnormalities. (Tr. 270-71). The ALJ also considered that Dr. Rey did not have the benefit of the evidence received after her report, including the September 14, 2010 spirometry results which showed Plaintiff had only a mild reversible obstructive ventilatory defect. (Tr. 16, 390). Thus,

---

[6](...continued)
source's opinion." See 20 C.F.R. §§ 404.1527(d)(2)(i),416.927(d)(2)(i).

the Court finds that ALJ made no error in his determination to discount Dr. Rey's opinion, and thus, he did not need to be re-contacted.[7]

### 2. Whether the ALJ erred by giving significant weight to the opinion of a non-examining physician.

Plaintiff argues that the ALJ erred by giving more weight to the opinion from non-examining physician, Dr. Patterson, than those from Drs. Rey and Carlucci. (Doc. 17, pp. 9-10). Specifically, on September 29, 2009, Dr. Patterson, a State agency medical consultant, opined that Plaintiff could lift and/or carry 50 pounds occasionally and 25 pounds frequently; stand and/or walk about six hours in an eight-hour workday; sit about six hours in an eight-hour workday; and push/pull without restriction. (Tr. 292). Dr. Patterson offered no other limitations or restrictions except that Plaintiff needed to avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, etc. (Tr. 293-95).

State agency medical consultants are considered experts in the Social Security disability programs and their opinions may be entitled to great weight if their opinions are supported by the evidence in the record. See 20 C.F.R. §§ 404.1527(f)(2), 416.927(f)(2). Opinions of examining or treating physicians are given more weight than non-examining physicians unless "good cause" is shown, which is the case here. See

---

[7] Plaintiff further contends that his lung condition/COPD is the primary impairment that prevents him from working and Dr. Rey reported that Plaintiff's tobacco use contributed to his decrease in functional ability. (Tr. 34, 271). The medical records evidence that Plaintiff reported a 30 year history of smoking to Dr. Rey and informed Dr. Carlucci that he smoked one pack of cigarettes per day. (Tr. 269-69, 355). A continued preference to smoke cigarettes while claiming respiratory difficulties undermines the severity of Plaintiff's COPD and is inconsistent with a finding of disability. See Sias v. Sec'y of Health and Human Servs., 861 F.2d 475, 480 (6th Cir. 1988); Holley v. Chater, 931 F. Supp. 80, 847-48 (S.D. Fla. 1996).

D'Andrea v. Comm'r of Soc. Sec. Admin., 389 F. App'x 944, 946 (11th Cir. 2010). Here, Dr. Patterson noted the evidence of record which supported his assessment. (Tr. 292). Specifically, Dr. Patterson noted the April 24, 2009 examination that showed Plaintiff's lungs were clear with no wheezing, rhonchi, or rales. (Tr. 260, 292). Dr. Patterson also noted that Dr. Rey's examination on June 13, 2009 showed decreased aeration, wheezing, and shortness of breath with mild exertion, but was otherwise normal. (Tr. 270, 292). Dr. Patterson further noted that Plaintiff's pulmonary function studies were well above listing level, and that Plaintiff had no recent hospitalizations for COPD. (Tr. 275, 388, 292). Accordingly, the ALJ properly gave Dr. Patterson's opinion persuasive weight as it was consistent with the medical evidence of record and supported by objective findings. (Tr. 17).

### 3. Whether the ALJ erred in relying on the hypothetical question posed to the VE.

Plaintiff argues that the ALJ erred in relying on the VE's testimony that Plaintiff could return to his past relevant work because the VE subsequently testified, in response to Plaintiff's attorney's hypothetical question, that Plaintiff could not perform any jobs. (Doc. 17, pp. 10-11). An ALJ is "not required to include findings in the hypothetical that the ALJ [has] properly rejected as unsupported." Crawford, 363 F.3d at 1161. Here, Plaintiff's attorney asked the VE to consider the limitations assessed by Dr. Rey, and based on that hypothetical question, the VE testified that there were no jobs that Plaintiff could perform, including his past relevant work. (Tr. 27-28, 271). However, as discussed above, the ALJ properly accorded no weight to Dr. Rey's

opinion; thus, he properly disregarded the VE's response to the hypothetical question which included those limitations assessed by Dr. Reys.

## IV. CONCLUSION

Upon due consideration, the Court finds the decision of the Commissioner was decided according to proper legal standards and is supported by substantial evidence. As neither reversal nor remand is warranted in this case, and for the aforementioned reasons, the decision of the ALJ is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of the Court is directed to enter judgment consistent with this ruling and, thereafter, to close the file.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  28th  day of August, 2011.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record